## Snyder v. CNA Insurance Companies

*John W. Thompson Jr.,* for plaintiff.
*Leo E. Gribbin* and *David A. Mills,* for defendants.

CASSIMATIS, *J.,* June 18, 1990 — Defendants have filed a motion for protective order seeking to sustain their objections to plaintiff's interrogatories. The request will be granted.

On April 12, 1983, plaintiff, Cynthia M. Snyder, instituted her action against defendant, CNA Insurance Companies, arising out of the August 19, 1982, death of her husband, Charles N. Snyder Jr., and claiming that the policy of insurance covering her automobile should have been stacked, that wage-loss benefits should have been paid in a lump sum, that the alleged failure to do so was a breach of contract in violation of the Unfair Trade Practices and Consumer Protection Law, and that she represented a class of individuals who had been discouraged from purchasing underinsurance coverage which benefits should also be stacked.

At a subsequent hearing, on April 28, 1987, plaintiff moved only for certification of a class for persons who had not previously recovered full no-fault work loss benefits paid in a lump sum, plus interest and attorney's fees as appropriate.

On September 16, 1987, plaintiff's motion for class certification was granted as to the survivors or the estates of all those whose decedents were covered by no-fault automobile insurance issued by defendant, CNA Insurance Companies, pursuant to the Pennsylvania No-fault Insurance Act, and who died from automobile accidents occurring on or after July 19, 1975, which estates had not previously recovered full no-fault work-loss benefits paid in a lump sum, plus interest and attorney's fees as appropriate.

On February 18, 1988, upon motion of defendants for reconsideration of the class certification order, this court modified its order of September 16, 1987, decertifying the class as to some and commencing the class as of September 28, 1978, but not including as members those persons who were discouraged from purchasing underinsured motorists coverage. The court's opinion further provided:

"Defendants' argument that the class definition includes claims not addressed at the certification hearing is unfounded. The language of the definition clearly limits the class to only those estates that have not recovered, in lump-sum payments, total work-loss benefits. Thus, the class definition excludes any additional claims or benefits attainable by class members."

On September 27, 1989, plaintiff served interrogatories on defendant, CNA Insurance Companies, referring to members of the class certified, but asking interrogatories on the questions of underinsured motorists coverage and uninsured motorists coverage, beyond the definition of the class certified by this court.

On December 29, 1989, both defendants answered all interrogatories pertaining to plaintiff's decedent, Charles N. Snyder Jr., but objected to all interrogatories referring to other members of the class certified for work-loss benefits, but asking questions on underinsurance and underinsurance motorists coverage.

On December 29, 1989, both defendants also filed the instant motion for protective order, alleging: "No class of persons who have been discouraged from purchasing underinsured motorists coverage, under the No-fault Act, has been certified" (paragraph 10); "Plaintiff, Cynthia Snyder, has not been nominated as a proper representative of a class of individuals who were discouraged from purchas-

ing underinsurance under the No-fault Act, if a class exists" (paragraph 11); and, "Plaintiff's interrogatories seek to create a class of persons by asking interrogatories about members of a different class of persons, namely, survivors or the estate of all those whose decedents died on or after September 28, 1978, and were not paid work-loss benefits in a lump sum." (paragraph 12)

On January 17, 1990, plaintiff filed an answer to defendants' motion for protective order and cross-motion of plaintiff to strike defendants' objections as untimely. With respect to its motion to strike, plaintiff alleges that defendants' objections dated December 29, 1989, violate Pa.R.C.P. 4004(b) which provides: "Objections to the form of interrogatories are waived unless filed and served upon the party propounding them within the time allowed for serving this succeeding cross or other interrogatories or within 10 days of service of the last interrogatories." (paragraph 9)

We conclude that plaintiff is not entitled to seek information on persons other than herself, to create the class beyond that which was certified by this court until such class of persons, who were discouraged from purchasing underinsurance benefits which benefits should also have been stacked, has been duly certified.

At informal argument and discussion by counsel, it became clear that the critical issue is whether the court should grant the protective order sought by defendants despite the fact that defendants were late in objecting to plaintiff's interrogatories.

Although the cases are not in accord, language in *Northampton Municipal Authority v. Remsco,* 22 D.&C. 3d 541, 547 (1981) suggests that it would be proper to grant defendants' motion. The court stated:

"While rule 4006(a)(2) provides that objections to interrogatories shall be filed within 30 days, nothing suggests that objections not raised within the 30-day period are waived. Rule 4019(a)(2) contains the only waiver provisions within the rules of discovery. Under this rule, failure to answer written interrogatories is objectionable only if a party has filed objections or applied for a protective order. Furthermore, this rule permits objections to be raised through an application for a protective order and rule 4012 sets forth no time period within which a protective order must be sought." 22 D.&C. 3d at 547.

In concluding that there was no waiver as a result of a failure to object within 30 days, the court distinguished between objections based on the form of the interrogatories and those objections relating to the content and substance of the interrogatories.

The *Northampton* case follows essentially the analysis of Judge Wettick in *Hall v. Sears Roebuck & Co.,* 14 D.&C. 3d 231, 233 (1980) where Judge Wettick held that a party who fails to file a timely response to interrogatories does not waive the protection of Pa.R.C.P. 4011 against bad faith or oppressive discovery; objections to discovery may be filed prior to the hearing on an opponent's motion for sanctions even though the objections are filed outside the 30-day period of Pa.R.C.P. 4006(2). Judge Wettick's analysis was based on rule 4011 which provides absolute protection from discovery, and in the absence of any other rule, indication that rule 4011's protection is lost for failure to file objections within the 30-day period under rule 4006(2).

The application of the foregoing conclusions of law to the facts in the instant case leads us to hold it would be proper to grant the protective order. As

plaintiff seeking the names of people that are potential class members, plaintiff should first obtain a certification of the class, which has not been done. Clearly, defendants' objections go to the substance and content, not the form, of plaintiff's interrogatories. As such objections to the content of interrogatories is not waived because of tardiness, defendants' objections are proper and have not been waived.

Accordingly, we will enter the following

### ORDER

And now, June 18, 1990, the objections of defendants, CNA Insurance Companies and Valley Forge Insurance Company, to the interrogatories of plaintiff, Cynthia M. Snyder, are sustained without prejudice to resubmit, in an appropriate forum and at an appropriate time, of a class of persons who were discouraged from purchasing underinsurance benefits, which benefits should also be stacked, has been duly certified.

The cross-motion of plaintiff, Cynthia M. Snyder, to strike the motion for defendants for a protective order filed December 29, 1989, is refused and dismissed.